PEOPLE *v.* WOLFSON.

1. JUDGES—JURISDICTION—WITNESSES—PERJURY—CONTEMPT—ONE-MAN GRAND JURY.

Circuit judge sitting as one-man grand jury pursuant to provisions of 3 Comp. Laws 1929, § 17217 *et seq.*, has power to punish witness for contempt on ground that he has given false, evasive, or untrue answers.

2. STATUTES—CONSTRUCTION—REMEDIAL STATUTE—ONE-MAN GRAND JURY.

Statute authorizing proceedings for discovery of crime, being remedial in its nature, should receive liberal construction (3 Comp. Laws 1929, §§ 17217–17220).

3. JUDGES—INVESTIGATION OF CRIME—ONE-MAN GRAND JURY—SUFFICIENCY OF PROCEEDINGS.

Petition filed in circuit court praying for investigation as to whether offense not cognizable by justice of peace had been committed, and stating facts which might well have caused judge to suspect that crime had been committed within his jurisdiction and that certain persons might be able to give material evidence respecting such offense, *held,* sufficient to justify him in conducting investigation (3 Comp. Laws 1929, §§ 17217–17220).

4. SAME—WITNESSES—RIGHT OF JUDGE TO CALL WITNESS.

That witness' name was not mentioned in petition for one-man grand jury investigation in no way affected right of judge to call upon him to testify if it appeared that his evidence was material to any matter under investigation.

5. SAME—JUDGE OF ANOTHER CIRCUIT MAY CONDUCT INVESTIGATION.

Judge of another circuit may conduct one-man grand jury investigation if directed to do so by presiding circuit judge.

6. SAME—WITNESSES—PERJURY—CONTEMPT.

Finding of circuit judge that witness testifying before him in one-man grand jury investigation was guilty of perjury and punishable for contempt, *held,* supported by competent evidence.

7. Same—Rejection of Proof.

Rejection of proof sought to be introduced by one found guilty of perjury was not error, where it in no way affected his guilt or innocence.

Appeal from Macomb; Dehnke (Herman), J., presiding. Submitted April 13, 1933. (Docket No. 124, Calendar No. 36,052.) Decided October 2, 1933.

Alvin Wolfson was adjudged guilty of contempt of court. Affirmed.

*Henry C. Bogle* (*Edward G. Kemp* and *Christian F. Matthews,* of counsel), for appellant.

*Patrick H. O'Brien,* Attorney General, and *Roy M. McKinstry,* Prosecuting Attorney, for the people.

Sharpe, J. On March 26, 1931, the prosecuting attorney of the county of Macomb filed a petition in the circuit court, verified by him, praying for an investigation whether or not an offense not cognizable by a justice of the peace had been committed. The investigation was conducted by Judge Dehnke of the 23d circuit, sitting as a one-man grand jury, pursuant to the provisions of 3 Comp. Laws 1929, § 17217 *et seq.* In the course of the proceeding, the defendant, Wolfson, who had given testimony as a witness, was adjudged to be guilty of perjury. From the order so entered and the sentence imposed he has taken this appeal.

The questions involved are stated by his counsel as follows:

"1. Has a circuit judge sitting as a one-man grand jury power to punish a witness for contempt on the ground that he has given false, evasive, or untrue answers?

"2.   Were the proceedings for the calling of said one-man grand jury sufficient to give the circuit judge jurisdiction?

"3.   Were the answers of the witness to the various questions false, evasive, or untrue, and did they constitute contempt?

"4.   Was certain proof offered by defendant in the contempt proceedings material?"

1.   This question has quite recently been decided by this court adversely to the claim of the defendant.   In *Mundy* v. *McDonald*, 216 Mich. 444, the defendant, a circuit judge, had conducted a one-man grand jury investigation in the county of Bay.   At the conclusion thereof, he filed a report, in which the plaintiff, at that time mayor of the city of Bay City, was charged with wilful neglect of duty.   An action of libel based thereon was brought against him.   It was dismissed on motion in the circuit court and an appeal taken to this court, where it was held that the defendant was acting as a judge of a court of record and was exempted from civil liability by reason thereof.

The authorities are there reviewed at length. Attention was called to the holding in *Johnson* v. *Morton*, 94 Mich. 1, wherein it was urged that a circuit judge at chambers is not invested with the powers of the circuit court, and the court said (page 6):

"When an application is made to a judge to hold to bail, it is his duty to hear and investigate; and if the affidavit sets up facts and circumstances tending to show fraud or breach of trust, thus bringing the case within the exceptions of the Constitution, authority to act depends upon the facts, and the determination of the judge must be held to have all the qualities of a judicial decision, and as such protects the judge, the officer, and the party."

*Ward* v. *Cozzens,* 3 Mich. 252, and *Thomas* v. *Rosecrantz,* 193 Mich. 357, were also referred to at some length. The conclusion reached was thus stated by Mr. Justice Stone (pp. 458, 459):

"Under the foregoing authorities it must be held that the composing of, and filing in the clerk's office of, the findings complained of as libelous, were judicial acts requiring a decision on the part of the judge as to the proper course to be pursued. To hold that the acts were in excess of jurisdiction, and, therefore, for that reason subject the judge to private liability, is to say that courts and judges must decide questions of jurisdiction at their peril. Such a doctrine would, in a large measure, destroy the independence of the judiciary, and take away the immunity and privilege considered so essential and necessary to the proper and just administration of law."

In the later case of *People* v. *Doe,* 226 Mich. 5, a witness in a one-man grand jury proceeding, conducted by a circuit judge, was held to be properly convicted by him of perjury. While there was dissent on the part of four of the justices, it was based upon the finding by them that the inquiries directed to the defendant, and on which the conviction was based, "were privileged because they came to him professionally from his client or clients."

While the question here involved was not presented or considered in that case, it was doubtless assumed that it was settled by the decision in the *Mundy Case.* In our opinion this question was properly answered in the affirmative.

2. In the petition by the prosecuting attorney above referred to, he stated that the finance committee of the board of supervisors had conducted an informal investigation into the affairs of the county

drain commissioner and had submitted the result thereof to him with a recommendation that a formal investigation be had in the circuit court; that the findings of the committee indicated that certain money had been paid out by the commissioner—

"under circumstances which furnish a reasonable ground to believe may amount to such a misappropriation of the county's funds as to constitute a violation of the statute not cognizable by a justice of the peace"—

and that certain individuals in the employ of the drain commissioner have knowledge of facts which, if true, would furnish the basis for a complaint for such offense.

3 Comp. Laws 1929, §§ 17217 to 17220 inclusive, while now a part of the code of criminal procedure (Act No. 175, Pub. Acts 1927), were enacted in 1917, Act No. 196, Pub. Acts 1917. The title reads as follows:

"An act to authorize proceedings for the discovery of crime, and to provide penalties for a violation of such procedure."

The purpose is thus fully disclosed. It being remedial in its nature, it should receive a liberal construction. Under the petition filed, there was a statement of facts which might well have caused the judge to suspect that a crime had been committed within his jurisdiction and that certain persons might be able to give material evidence respecting such offense, and, if so, he was justified in conducting the investigation had. The fact that the defendant's name was not mentioned in the petition in no way affected the right of the judge to call upon him to testify if it appeared that his evidence was material to any matter under investigation. In

*People* v. *Phelps,* 261 Mich. 45, it was held that the investigation might be conducted by the judge of another circuit if directed to do so by the presiding circuit judge. That judge Dehnke was so directed is not questioned.

3 and 4. It will serve no useful purpose to review the testimony on which the defendant was adjudged to be guilty. Judge Dehnke saw him on the witness stand and heard him testify. His finding of guilt is supported by competent evidence. We find no error in rejecting the proof sought to be introduced by the defendant as it in no way affected the guilt or innocence of the defendant.

The order and sentence appealed from are affirmed.

McDONALD, C. J., and POTTER, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred. CLARK, J., took no part in this decision.