PEOPLE v. BIRCH.

SAME v. PICKETT.

1. JUDGES—PRESIDING CIRCUIT JUDGES—ONE-MAN GRAND JURY.
    Orders of local presiding circuit judge of circuit in which prose-
    cuting attorney filed a petition for one-man grand-jury in-
    vestigation by a circuit judge of such circuit or one of the
    judges of another circuit, whereby filing of petition was ac-
    knowledged and an outside circuit judge, assigned by the pre-
    siding circuit judge of the State, was designated as the judge
    to conduct the inquiry, joint order made by the designee and
    the local presiding judge designating an attorney as special
    assistant prosecuting attorney, order of the local presiding
    judge authorizing payment to another special assistant prose-
    cutor and his yet further order directing that cases resulting
    from the investigation be tried by another outside circuit
    judge upon assignment by the State presiding circuit judge are
    construed as but an exercise of the authority vested in the
    local presiding judge and, since none of the orders were a
    part of the investigation itself, they were proper (CL 1948,
    §§ 691.202, 767.3, 767.4).

2. SAME—ASSIGNMENT BY STATE PRESIDING CIRCUIT JUDGE—AU-
    THORITY.
    A circuit judge sitting in any circuit on assignment of the State
    presiding circuit judge has full jurisdiction of a circuit judge
    (CL 1948, § 691.202).

3. SAME—ASSIGNMENT BY STATE PRESIDING CIRCUIT JUDGE—DESIG-
    NATION OF MATTER TO BE HEARD.
    Circuit judge, assigned by the State presiding circuit judge to
    hold court in a county outside of his circuit, had all the au-
    thority of a local circuit judge, and the fact that the assign-
    ment did not expressly designate what matter, or matters, he
    would hear is not material (CL 1948, § 691.202).

4. SAME—ONE-MAN GRAND JURY.
    Order of the local presiding circuit judge, entered on day that
    prosecuting attorney filed petiton for one-man grand-jury in-
    vestigation, that the court would convene on a certain date for

the purpose of conducting an investigation as prayed, did not, under the circumstances, constitute such judge as the one-man grand juror, where it appears he subsequently designated the particular judge to conduct the inquiry without having proceeded to conduct it himself (CL 1948, §§ 767.3, 767.4).

5. GRAND JURY—DESIGNATION OF ASSIGNED CIRCUIT JUDGE.

Circuit judge, assigned by State presiding circuit judge to circuit other than his own, who was thereupon designated by the local presiding circuit judge of such circuit to conduct a one-man grand-jury investigation was vested with full authority to conduct same and warrants issued as a result of such inquiry were duly authorized (CL 1948, §§ 691.202, 767.3, 767.4).

6. SAME—CONSTRUCTION OF STATUTES.

The statutory provisions relative to the conduct of so-called one-man grand-jury investigations should receive a liberal construction to the end that the purpose of the statute may be accomplished (CL 1948, §§ 767.3, 767.4).

7. SAME—SUFFICIENCY OF PETITION.

Petition of prosecuting attorney setting forth that he had information leading him to the conclusion that certain crimes and offenses had been committed in the county, or, in the alternative, that perjury had been committed with reference thereto, and asking for a one-man grand-jury investigation thereof was not fatally defective as the investigation sought was for the purpose of determining whether there was probable cause to believe that violations of law had occurred within the jurisdiction, and, if so, the details thereof and the guilty parties (CL 1948, §§ 767.3, 767.4).

8. APPEAL AND ERROR—QUESTIONS REVIEWABLE—CONSTITUTIONAL LAW.

Constitutionality of statutory provisions relative to so-called one-man grand jury is not discussed on appeal from orders dismissing warrants issued as result of investigation conducted by such a grand jury, where matter has been before the Supreme Court before and the validity of the law upheld (CL 1948, §§ 767.3, 767.4).

Appeal from Genesee; Holland (H. Russel), J., presiding. Submitted October 13, 1950. (Docket No. 80, Calendar No. 44,590.) Decided December 5, 1950.

Miller Quinn Birch and others and Henry R. Pickett and others were charged with conspiracy to violate the gambling laws. Cases dismissed on motion. Plaintiff appeals. Reversed and remanded.

*Leon A. S. Seidel,* Prosecuting Attorney, and *Richard C. Fruit,* Assistant Prosecuting Attorney, for the people.

*Cline & George,* for defendants.

CARR, J. The questions involved in these cases arise out of certain proceedings in the circuit court of Genesee county. The material facts are not in dispute. On March 2, 1948, the prosecuting attorney of said county filed a petition in the court setting forth that information had been placed before him indicating that certain crimes had been committed within the county, and further alleging that, if such information were false, the crime of perjury had been committed. An inquiry to be conducted in accordance with the so-called one-man grand-jury provisions* of the criminal code of the State was asked, for the purpose of determining the truth or falsity of the charges of criminal conduct to which the petition referred. The prosecutor further asked that "necessary procedure be taken to designate or appoint or have designated or appointed, in accordance with the statutes in such cases made and provided, one of the circuit judges of the seventh judicial circuit or one of the judges of another judicial circuit for the State of Michigan, to conduct said one-man grand-jury inquiry and investigation," and that

* Code of criminal procedure, ch 7, §§ 3, 4 (CL 1948, §§ 767.3, 767.4 [Stat Ann § 28.943 (§ 4, as amended by PA 1947, No 33 [Stat Ann 1947 Cum Supp § 28.944])]). Changes in statute at legislative session of 1949 are not involved.

witnesses be subpoenaed for the purpose of taking testimony.

At the time the petition was filed the Honorable Paul V. Gadola was acting as presiding judge of the Genesee circuit court, and, on the same day, he made an order stating that on the 8th of March following the court would convene at the courthouse in the city of Flint for the purpose of conducting an investigation as prayed. The order further directed the attendance of the prosecuting attorney of the county, or someone duly appointed in his place, the official court reporter, and the sheriff and deputies, for the purpose of rendering assistance in such investigation. The clerk of the court was further directed to issue subpoenas to witnesses on the request of the prosecutor.

Under date of March 16, 1948, Judge Gadola made a further order in the matter, referring to the petition of the prosecuting attorney and designating Circuit Judge Karl K. Leibrand to conduct the investigation "together with this court, in an advisory capacity or otherwise, as this court may from time to time designate." The order recited that Judge Leibrand had been assigned to the Genesee circuit by the presiding circuit judge of the State.* Thereafter Judge Leibrand proceeded to conduct the investigation. Witnesses were called and examined by him, findings made, and warrants issued including the warrants involved in the above entitled cases. He also made an order appointing Melvin E. Orr, a member of the bar of Michigan, to assist in the investigation, and appointed investigators and an official stenographer, requiring that they take the statutory oath of secrecy.

---

* See CL 1948, § 691.202 (Stat Ann § 27.292).—REPORTER.

It further appears that Judge Gadola made and entered an order in terms authorizing the judge conducting the investigation to appoint a member of the bar to assist therein, and that he and Judge Leibrand joined in an order designating Mr. Orr as special assistant prosecuting attorney of Genesee county to aid and assist the grand-jury investigation. Judge Gadola also made an order authorizing payment to another attorney for time spent as special assistant prosecutor in connection with the grand jury; and further, by order filed September 16, 1948, directed that cases resulting from the investigation should be tried before a circuit judge from without the seventh judicial circuit, assigned to such circuit by the presiding circuit judge of the State. The orders appointing special prosecutors were made at the request of the prosecuting attorney of the county by petitions addressed to the court.

The warrants issued for the arrest of the defendants in the instant cases were duly served. In the case of People v. Pickett, an examination was held before the Honorable H. Russel Holland, one of the circuit judges of the Oakland county circuit court, sitting in Genesee county by designation in accordance with the statute. In People v. Birch, no examination was held. Identical motions were presented in both cases, asking for the dismissal of the warrants on the ground that Judge Leibrand had no authority to issue them, and alleging further that the petition of the prosecuting attorney was fatally defective because of failure to aver specific facts, that it was insufficient to authorize the holding of the investigation, and that the statutory provisions in accordance with which such investigation was conducted were unconstitutional and void. Judge Holland held that the grounds on which the motions were based, other than those relating to the authority of Judge Leibrand, were without merit. On the

basis of the proceedings taken in the Genesee circuit court he came to the conclusion that Judge Gadola, by his order of March 2, 1948, had constituted himself the grand juror to conduct the inquiry, that the subsequent order directing Judge Leibrand to act in the matter amounted to an attempted delegation of the exercise of the authority that Judge Gadola had assumed, that such action was not authorized by the statute, and that it was in consequence void. An order was entered granting the motions to dismiss the warrants. On leave granted, an appeal on behalf of the people of the State has been taken to this Court by the prosecuting attorney of Genesee county.

The first question for consideration is whether by his order of March 2, 1948, Judge Gadola constituted himself a grand juror for the purpose of conducting the investigation. It is, we think, significant that the order did not specifically so provide. As before noted, the petition of the prosecutor to which the order referred asked for an assignment of the inquiry to some judge of the local circuit or to a visiting judge. We think it a fair inference from the specific language used that Judge Gadola, acting as presiding judge of the circuit, intended to recognize the fact that the petition had been filed for an investigation, and to indicate by his order that the court regarded it as requiring judicial action. The subsequent order in terms assigning the investigation to Judge Leibrand indicates the interpretation placed by Judge Gadola on the prior order. He did not undertake to transfer the matter from himself to Judge Leibrand, but, rather, designated the latter to conduct the investigation. Judge Leibrand thereupon proceeded to act in the matter in accordance with the provisions of the statute. He took testimony, determined that there was probable cause to believe that the crimes charged against defendants,

as well as offenses by other parties, had been committed, and issued warrants accordingly.

As we view the situation, Judge Gadola, by his orders in question, was undertaking to act in his capacity as presiding judge of the circuit. As such he was charged with certain duties and responsibilities, and vested with authority, with reference to the carrying on of the work of the court. The order authorizing Judge Leibrand to conduct the investigation as well as the orders designating special assistant prosecuting attorneys of the county to assist in the investigation, and providing for compensation of one of such assistant prosecutors, were, we think, intended as an exercise of such authority and a discharge of incident duties. They should be construed accordingly. Obviously the order of September 16, 1948, with reference to the trial of cases resulting from the investigation, was made for the same reason. It was not a part of the investigation held under the statute and the petition of the prosecuting attorney, and a like interpretation should be placed on the other orders made by Judge Gadola in connection with the matter.

The situation here is not materially different from that presented in *People* v. *Phelps*, 261 Mich 45. There the defendant was prosecuted for perjury, the charge being based on testimony given by him in a one-man grand-jury proceeding. The investigation was conducted in Jackson county by the judge of another circuit who took action on the petition of the prosecuting attorney, conducting the investigation in accordance with the statute. The trial court granted a motion to quash the information and dismiss the cause on the ground that the judge conducting the investigation had no jurisdiction to do so. He had, however, been duly assigned by the presiding circuit judge of the State to hold court in Jackson county, and this Court, in reversing the order

of dismissal and upholding the procedure taken, declared that:

"A circuit judge sitting in any circuit on assignment of the State presiding circuit judge has full jurisdiction of a circuit judge."

So in the instant case Judge Leibrand, having been duly assigned by the presiding circuit judge of the State to hold court in Genesee county, had all the authority of a circuit judge in that county. The fact that the assignment did not expressly designate what matter, or matters, he would hear is not material. See, also, *People* v. *Wolfson,* 264 Mich 409.

For the reasons indicated, we conclude Judge Gadola did not by his order constitute himself a grand juror, that the designation of Judge Leibrand to conduct the investigation as a part of the work of the circuit was authorized and proper, that Judge Leibrand alone acted in conducting the investigation, which, under the statute, the petition therefor having been filed by the prosecuting attorney of the county, was mandatory, and that he was invested with full authority in the premises. The reason assigned for dismissing the warrants in the instant cases was not well founded.

On behalf of defendants it is argued that the petition filed by the prosecuting attorney was not sufficient to justify the holding of an investigation under the statute, and that the order of dismissal should be sustained for that reason. It is claimed that the prosecutor failed to allege facts tending to establish that any specific crime or crimes had been committed. The purpose of the statutory provisions pursuant to which the investigation was held was, as indicated by the title of the act as first enacted in 1917 (PA 1917, No 196), to authorize "proceedings for the discovery of crime." To that end the complaint by which the proceeding is initiated may be

on information and belief, and action may be taken by the justice or judge to whom the complaint is submitted if he has "probable cause to suspect that any crime, offense, misdemeanor or violation of any city ordinance shall have been committed within his jurisdiction, and that any person may be able to give any material evidence respecting such offense." To the end that the purpose of the statute may be accomplished it should, as pointed out in *People* v. *Wolfson, supra,* receive a liberal construction.

The petition filed by the prosecuting attorney in the proceedings involved in the instant cases set forth that he had information leading him to the conclusion that "certain crimes and offenses" had been committed in Genesee county, or, in the alternative, that perjury had been committed with reference thereto. In *People* v. *St. John,* 284 Mich 24, the defendant's conviction on a charge of perjury committed in the course of a one-man grand-jury investigation was affirmed by an evenly divided court. It was contended in his behalf that the petition for the investigation was insufficient and that, in consequence, the proceeding was wholly void. In that case the petition filed made no reference to any specific offense, while the complaint on which Judge Leibrand acted in the instant matter indicated that whether perjury had been committed was a proper matter for inquiry. Ordinarily a prosecutor preparing such complaint cannot be specific as to particular offenses or persons. Investigation under the statute is sought for the purpose of determining whether there is probable cause to believe that violations of the law have occurred within the jurisdiction, and, if so, the details thereof, and the guilty parties. We agree with the conclusion of Judge Holland that the petition by which the grand-jury investigation conducted by Judge Leibrand was initiated was not fatally defective.

The claim advanced by defendants, as to the constitutionality of the statute, does not require discussion. The matter has been before this Court in prior cases and the validity of the law has been upheld. See *In re Slattery,* 310 Mich 458 (certiorari denied, 325 US 876 [65 Sup Ct 1553, 89 L ed 1993]). See, also, *People* v. *Hancock,* 326 Mich 471.

The order from which the appeal has been taken is reversed, and the causes are remanded for further proceedings therein.

BOYLES, C. J., and REID, NORTH, DETHMERS, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.