McCALEB, Chief Justice.
Appellant was charged, tried and convicted of selling narcotic drugs (marijuana) in violation of R.S. 40:962 and sentenced to ten years at hard labor in the State Penitentiary. On his appeal, he relies on two bills of exceptions reserved at the trial for a reversal of his conviction.
Bill No. 1 was taken when the judge sustained the State’s objection to defense counsel’s attempt to inform the prospective jurors on voir dire examination that conviction of the crime charged carried with it an automatic minimum sentence without benefit of parole, probation or suspension.
The bill is without merit. The sentence of the defendant, save in capital, cases, is a matter which addresses itself to the court. The function of the jury is to determine the guilt or innocence of the accused. See State v. Green, 244 La. 80, 150 So.2d 571 (1963) ; and State v. Andrus, 250 La. 765, 199 So.2d 867 (1967).
Bill No. 2 was reserved when the trial judge refused to sequester the witnesses, upon request of defense counsel on: the ground that it came too late as the case “was -half over” at the time counsel sought *97 to have the witnesses excluded from the courtroom.
The bill is well founded. Article 764 of our Code of Criminal Procedure requires that the court order the witnesses sequestered upon request of the State or the accused. It provides in part:
“Upon its own motion the court may, and upon request of the state or the defendant the court shall, order that the witnesses be excluded from the courtroom * * * and refrain from discussing the facts of the case or the testimony of any witness with anyone other than the district attorney or defense counsel. The court may modify its order in the interest of justice.” (Emphasis ours)
Albeit the official comment states “(a) This article is a stylistic revision of a part of former R.S. 15:371”, it is manifest from a reading of Article 371 of the 1928 Code of Criminal Procedure that such is not the case. For, under Article 371, an order for the sequestration of witnesses rested solely within the discretion of the trial judge, it providing that “The judge may, at any stage of the trial, order the sequestration of the witnesses.” However, under Article 764 of our present Code, the judge has no discretion in the matter when request is made either by the State or the defendant. He must grant the order which he is entitled to modify at the time it is granted or thereafter “in the interest of justice.”
The reason advanced by the trial judge for refusing the order in the case at bar cannot be maintained. Article 764 states upon the request of the State or defendant the court shall order that the witnesses be excluded from the courtroom. It does not indicate that the request must be made at the outset of the trial. Indeed, under R.S. 15:371 which Article 764 revises, it is provided that the judge may grant the order of sequestration at any stage of the proceedings. Since Article 764 does not specify that the request must be made at any specific time during the course of the trial, this Court is without authority to say that it must be made before a certain number of witnesses have been heard. Accordingly, it suffices • that the request be made at any time during the taking of the evidence.
We note that during oral argument it was suggested that the error may be regarded as harmless, since no showing has been made that appellant was materially prejudiced thereby.
We hold that it is to be presumed that appellant was prejudiced and find that Article 921 C.Cr.P. is inapplicable here because the refusal of the judge to grant appellant’s • request constituted a substantial violation of his statutory right for such all order.
*99 The conviction and sentence are annulled and the case is remanded to the district court for a new trial.
BARHAM, J., concurs in the result under both bills of exception.