[No. 43685.    En Banc.    December 18, 1975.]

THE STATE OF WASHINGTON, *Petitioner*, v. VIRGIL MANNING, ET AL, *Respondents.*

*Donald C. Brockett, Prosecuting Attorney*, and *LeRoy C. Kinnie, Chief Deputy*, for petitioner.

*Turner, Stoeve, Gagliardi & Kennedy*, by *Brian B. Kennedy*, for respondent Manning.

*Kain & Snow*, by *George A. Kain*, for respondent August.

BRACHTENBACH, J.—The State appeals from an order suppressing evidence obtained during a special inquiry judge proceeding. We affirm.

Defendants were arrested and charged in district court with professional gambling in violation of RCW 9.46.220. Following a preliminary appearance they were released, one on bail, the other on recognizance. Approximately 45 days later the prosecutor instituted a special inquiry judge proceeding pursuant to RCW 10.27.170. The special inquiry proceeding was directed solely at the named defendants to obtain additional information to support the charges previously filed against them. Neither the defendants nor their attorneys were present at the special inquiry hearing. A

month later the prosecutor filed an information in superior court charging defendants with the same crimes for which they had been charged in district court. After their arraignment on the superior court charges, defendants moved to suppress any evidence against them which had been obtained at the special inquiry hearing.

Defendants rely on two theories to sustain the suppression order: (1) The statute authorizing the special inquiry judge proceedings does not allow the use of that process to gather evidence against specific defendants *after* they have been charged. (2) Alternatively, if the statute does authorize such proceedings, it violates defendants' constitutional rights of assistance of counsel, confrontation of witnesses, and cross-examination.

The special inquiry judge proceeding is of relatively recent origin in this state. This proceeding was created by the Criminal Investigatory Act of 1971, Laws of 1971, 1st Ex. Sess., ch. 67. It appears to have resulted from a study of the Judicial Council, which had on several occasions recommended a criminal investigatory act in somewhat different form from that finally enacted. 22 Judicial Council Biennial Rep. 17 (1969-70). Similar statutory proceedings exist in Michigan and Connecticut. Mich. Stat. Annot. § 28.943-.944; Conn. Gen. Stat. Annot. § 54-47.

A special inquiry judge is defined by statute as "a superior court judge designated by a majority of the superior court judges of a county [whose function is] to hear and receive evidence of crime and corruption." RCW 10.27.020(7); RCW 10.27.050. The principal section of chapter 10.27 relating to the special inquiry judge proceeding provides:

> When any public attorney, corporation counsel or city attorney has reason to *suspect crime or corruption,* within the jurisdiction of such attorney, and there is reason to believe that there are persons who may be able to give material testimony or provide material evidence concerning such *suspected crime or corruption,* such attorney may petition the judge designated as a special inquiry judge pursuant to RCW 10.27.050 for an order

directed to such persons commanding them to appear at a designated time and place in said county and to then and there answer such questions concerning the *suspected crime or corruption* as the special inquiry judge may approve, or provide evidence as directed by the special inquiry judge.

(Italics ours.) RCW 10.27.170.

An essential difference between the special inquiry judge and the grand jury proceedings is that the grand jury is empowered to issue indictments while the special inquiry judge cannot. RCW 10.27.150.

The question is whether the statutes authorize use of this proceeding to gather evidence against charged defendants as contrasted to an investigatory process to ferret out evidence leading to potential defendants. The act simply does not answer the question. There is no legislative history to assist us. The Judicial Council Report states:

This added law enforcement aid is patterned after the one man grand jury law of Michigan. . . . Special inquiry judge proceedings are viewed by the Judicial Council as supplementary to a regular grand jury which has the power to actively investigate evidence of crime and corruption, a power not granted to the special inquiry judge. The special inquiry judge does not have the power to issue indictments as does the grand jury, but can turn over any evidence produced at the proceedings before him to any subsequent grand juries called pursuant to the statute. Thus, although not actively participating in an investigative role himself, the special inquiry judge provides the prosecutor an added investigatory tool.

22 Judicial Council Biennial Rep. 17-18 (1969-70).

The Michigan statutes cited above, and referred to by the Judicial Council, are aimed at a determination of probable cause that an offense has been committed. Once the inquiry judge has determined there is probable cause to suspect an offense has been committed, he may cause the apprehension of such person and initiate criminal proceedings. Mich. Stat. Annot. § 28.944. In *People v. Birch*, 329 Mich. 38, 46, 44 N.W.2d 859 (1950), the court stated:

Investigation under the statute is sought for the purpose of determining whether there is probable cause to believe that violations of the law have occurred within the jurisdiction . . .

It is clearly contemplated that under the Michigan statutes the inquiry proceeding is investigatory in nature, leading to a possible indictment. The Connecticut court has construed its statute to be similar to the general investigatory grand jury; however, the inquiry judge "has no power or authority to issue an indictment. His sole function is to investigate and report his findings to the court." *State v. Moynahan,* 164 Conn. 560, 565, 325 A.2d 199 (1973).

Looking again at our own statute, RCW 10.27.170 refers to a special inquiry concerning *suspected* crime or corruption. If the prosecutor has already charged a defendant, the scope of his inquiry is beyond suspected crimes for he has already concluded that probable cause exists to charge the defendant. Also, RCW 10.27.180 disqualifies the special inquiry judge from acting in any *subsequent* court proceedings arising from such inquiry.

Taking into account the language of our statute and the nature of similar statutes in the two other states, we conclude that the statute does not authorize use of the special inquiry proceeding to discover or gather evidence against an already charged defendant, as to crimes already charged. A fair reading of our statute indicates that the legislature did not specifically authorize the use of the special inquiry proceeding in the manner employed in this case.

Our decision is based upon an interpretation of the statute. Therefore we do not reach the constitutional grounds urged by defendants.

The order of suppression is affirmed.

STAFFORD, C.J., and FINLEY, ROSELLINI, HUNTER, HAMILTON, WRIGHT, UTTER, and HOROWITZ, JJ., concur.

Petition for rehearing denied March 11, 1976.