[No. 43961.   En Banc.   May 27, 1976.]

THE STATE OF WASHINGTON, *Appellant*, v. ADOLPH BURRI, *Respondent*.

*Paul A. Klasen, Prosecuting Attorney,* and *Ken Jorgensen, Deputy,* for appellant.

*Collins & Hansen, Nels A. Hansen,* and *James R. Brown,* for respondent.

HOROWITZ, J.—The State appeals a superior court's dismissal of an information against defendant Adolph Burri.

On April 25, 1975, the defendant was charged by information with the theft of hay in violation of RCW 9.54.010. He pleaded not guilty. On June 12, 1975, in response to the prosecutor's application, defendant served on the prosecutor notice that he would rely upon an alibi defense, and provided the prosecutor with the names, addresses, and telephone numbers of six alibi witnesses and statements supplied by four of them.

On July 16, 1975, over defendant's objection, the prosecutor held a special inquiry hearing under RCW 10.27 before a special inquiry judge in Snohomish County. All defendant's alibi witnesses were summoned to appear at the inquiry hearing.

At the hearing defendant's witnesses were questioned as to the defendant's alibi. The defense was not allowed to be present, and the defense witnesses were instructed not to discuss their testimony with any other person.

On August 1, 1975, defendant filed a motion to dismiss the information for interference with his witnesses. The motion was supported by affidavit generally to the effect that the special inquiry proceeding made his alibi witnesses unavailable to him for further questioning and investigation, which caused such hardship and prejudice to him that he was and is unable to properly prepare for trial.

On August 5, 1975, the court signed an order requiring the record of the special inquiry hearing be made available to defendant's counsel for examination and copying.

On August 6, 1975, the State filed a memorandum in the nature of argument in response to defendant's motion to dismiss. It states in part: (1) defendant is at liberty to interview his alibi witnesses, so long as he does not talk

with them specifically about what testimony was given at the special inquiry hearing, (2) the State plans to use the transcript of the testimony given at the special inquiry hearing at trial, and (3) defendant has been notified that he may have access to the transcript for copying purposes.

On August 8, 1975, the trial court granted defendant's motion to dismiss. It held the use of the special inquiry proceeding of RCW 10.27 to examine defense witnesses was outside the special use authorized by the statute. It later entered findings of fact and conclusions of law in support of the dismissal.

The State basically contends: (1) its use of RCW 10.27 in the instant case is permissible, (2) alternatively, RCW 10.27 was properly used to investigate a crime separate from the theft charged, namely, a suspected conspiracy between defendant and the witnesses to fabricate an alibi and commit perjury; and (3) there is no showing defendant was prejudiced by the special inquiry proceeding. We disagree with the State and affirm the dismissal.

*State v. Manning*, 86 Wn.2d 272, 543 P.2d 632 (1975), decided while the instant case was pending on appeal, makes the State's first contention untenable. *Manning* held:

> [W]e conclude that the statute [RCW 10.27] does not authorize use of the special inquiry proceeding to discover or gather evidence against an already charged defendant, as to crimes already charged.

*State v. Manning, supra* at 275. The court explained the purpose of RCW 10.27.170, as therein stated, is in the investigation of "*suspected* crime or corruption." *State v. Manning, supra* at 275. Since defendant was already charged with violating RCW 9.54.010 when the State instituted the special inquiry proceeding, the use of RCW 10.27.170 to gather evidence against defendant was not within its stated purpose.

The alternative argument that the State was properly using RCW 10.27 to investigate a crime separate from the theft charged by information, namely, a suspected con-

spiracy between defendant and the witnesses to fabricate an alibi and commit perjury, is also untenable. In the hearing on defendant's motion to dismiss the State said nothing concerning such a second crime. Rather, the record indicates the State's purpose was to gain information for use on the theft charge. To now seek to justify the otherwise impermissible use of RCW 10.27 on a theory neither urged nor relied on before the trial court is to fly in the face of the well-settled rule that a judgment will not be reversed on a theory presented for the first time on appeal. *See Peterson v. Neal*, 48 Wn.2d 192, 194, 292 P.2d 358 (1956); *State v. Moe*, 174 Wash. 303, 308-09, 24 P.2d 638 (1933).

The State finally seeks to reverse the dismissal on the ground the record does not show defendant was prejudiced by the special inquiry proceeding. We do not agree. The affidavit filed in support of defendant's motion to dismiss states in part:

> That the Grant County Prosecuting Attorney, through his Deputy did thereupon proceed to initiate, over the objection of counsel, special inquiry proceedings pursuant to Chapter 10.27 of the Revised Code of Washington for the sole purpose of subpoenaing and interrogating the named alibi witnesses of the Defendant. That following the completion of such interrogation and questioning, the witnesses were instructed pursuant to RCW 10.27.090 that they were prohibited by law from disclosing their testimony before the special inquiry Judge. That since the above date the Defendant and his counsel have been unable to and prohibited from questioning the witnesses called before the special inquiry proceedings, or pursuing any discovery leading from such questioning. That RCW 10.27.090 provides no means by which the Defendant can obtain a record of the testimony before such proceedings as the criminal proceedings herein involved were already initiated and pending before the Court.
>
> That the above-referred to interference with the witnesses of the Defendant has caused an extreme hardship and severe hardship to the Defendant and his counsel, and has caused him to be unable to properly prepare for trial in the above-entitled matter, and because of such prejudice the matter should be hereby dismissed with prejudice.

Although the trial court was not required by CrR 8.3 (dismissal) to enter formal findings of fact upon the dismissal, but only a statement of the reasons therefor, the court's finding of fact No. 4 is in effect such a reason. The finding states:

That the defense witnesses were interrogated at the Special Inquiry Proceeding, the defense was not allowed to be present, and the defense witnesses were instructed not to discuss their testimony therein with any other person.

The foregoing affidavit and finding evidence a substantial, unauthorized interference with all of defendant's alibi witnesses. The State's memorandum of August 6, 1975, concedes defendant cannot "talk with them [defendant's alibi witnesses] specifically about what testimony was given at the Special Inquiry Proceedings."

It is no answer to say that making a copy of the illegally obtained testimony available to defendant obviated the prejudicial effect of interfering with the right of defendant and his counsel to personally confer with and interview the alibi witnesses. The alibi defense was a vital part of defendant's case. The State, as it stated in the memorandum filed August 6, 1975, intended to use the special inquiry testimony at trial. Evidently the State's position was the testimony was beneficial to the State and injurious to defendant. It was important, therefore, the State not interfere with defendant's trial preparation. It was highly important for defendant to (1) ascertain whether the alibi witnesses had changed their testimony and if so, for what reason; (2) discover the areas in testimony that needed further investigation; (3) review with the witnesses any additional facts that might have been overlooked by the witnesses in their testimony supportive of the defendant's alibi; and (4) ascertain whether the illegally held special inquiry hearing —conducted in the absence of defendant and his counsel— had caused friendly witnesses to become hostile. The availability of a copy of their testimony without benefit of personal interview of the witnesses concerning the testimony given by them is not necessarily an adequate substitute.

180

The unauthorized interference described violates defendant's constitutionally protected right to a fair trial. U.S. Const. amend. 6; Const. art. 1, § 22 (amendment 10). A fair trial contemplates the defendant will not be prejudiced by the denial to him of his right to counsel and compulsory attendance of witnesses. *Wood v. State*, 155 Fla. 256, 260, 19 So. 2d 872 (1944); *see State v. Pryor*, 67 Wash. 216, 219, 121 P. 56 (1912). As next appears, these rights include the opportunity to prepare for trial.

■ A defendant is denied his right to counsel (U.S. Const. amend. 6; Const. art. 1, § 22, (amendment 10)), if the actions of the prosecution deny the defendant's attorney the opportunity to prepare for trial. Such preparation includes the right to make a full investigation of the facts and law applicable to the case. *State v. Hartwig*, 36 Wn.2d 598, 601, 219 P.2d 564 (1950) states:

> The constitutional right to have the assistance of counsel, Art. I, § 22, carries with it a reasonable time for consultation and preparation . . .
> . . . [I]t was the duty of appointed counsel to make a full and complete investigation of both the facts and the law in order to advise his client and prepare adequately and efficiently to present any defenses he might have to the charges against him.

Preparation for trial also includes the right to confer with one's own witnesses:

> It was fatal error to refuse the defendant the privilege of conferring with his own witnesses . . . This has been so held where his counsel were refused this right . . . The denial was an invasion of his constitutional right [to counsel]. It is often of vital importance that both defendant and his counsel should, together, confer with his witnesses in the progress of a trial.

*Shaw v. State*, 79 Miss. 21, 24-25, 30 So. 42 (1901). *See State v. Howland*, 100 Kan. 181, 184-86, 163 P. 1071 (1917).

■ The affidavit also shows a substantial interference with defendant's constitutional right to compulsory attendance of witnesses necessary for his defense—a fundamental element of due process of law.

> The right to offer the testimony of witnesses, and to compel their attendance, if necessary, is in plain terms the right to present a defense, the right to present the defendant's version of the facts as well as the prosecution's to the jury so it may decide where the truth lies. . . . This right is a fundamental element of due process of law.

*Washington v. Texas*, 388 U.S. 14, 19, 18 L. Ed. 2d 1019, 87 S. Ct. 1920 (1967); *see United States v. Nixon*, 418 U.S. 683, 709, 41 L. Ed. 2d 1039, 94 S. Ct. 3090 (1974). The guaranty of compulsory process is "a fundamental right and one 'which the courts should safeguard with meticulous care'." *Feguer v. United States*, 302 F.2d 214, 241 (8th Cir. 1962). It may be violated by the actions of the prosecutor as well as the judge. *Ingle v. Fitzharris*, 375 F.2d 398, 400 (9th Cir. 1967); *see United States v. Mendez-Rodriguez*, 450 F.2d 1 (9th Cir. 1971); *Bray v. Peyton*, 429 F.2d 500 (4th Cir. 1970); *State v. Kearney*, 11 Wn. App. 394, 523 P.2d 443 (1974).

Moreover, as stated in *State v. Papa*, 32 R.I. 453, 459, 80 A. 12 (1911), the defendant's right to compulsory process includes the right to interview a witness in advance of trial.

> The attorney for the defendant not only had the right, but it was his plain duty towards his client, to fully investigate the case and to interview and examine as many as possible of the eye-witnesses to the assault in question, together with any other persons who might be able to assist him in ascertaining the truth concerning the event in controversy. . . . The defendant . . . has the constitutional right to have compulsory process for obtaining witnesses to testify in his behalf, he has also the right either personally or by attorney to ascertain what their testimony will be.

*Accord, Wisniewski v. State*, 51 Del. 84, 92, 138 A.2d 333 (1957).

■ The violation of defendant's constitutional right to counsel and the right to compulsory process is presumed to be prejudicial. It is nonetheless prejudicial even if the prosecutor believed his conduct lawful. The fact that the prose-

cutor stated his intention to use the special inquiry hearing testimony at trial tends to support the conclusion he considered the testimony beneficial to the State and not to defendant. If the State believed defendant was not prejudiced by its interference with defendant's alibi witnesses it was the State's burden to show its error was harmless, *i.e.*, that defendant was not deprived of an opportunity to adequately prepare for trial. *Lee v. United States*, 388 F.2d 737, 739 (9th Cir. 1968); *see State v. Bogner*, 62 Wn.2d 247, 254, 382 P.2d 254 (1963).

Moreover, an error of constitutional proportions will not be held harmless unless the appellate court is "able to declare a belief that it was harmless beyond a reasonable doubt." *Chapman v. California*, 386 U.S. 18, 24, 17 L. Ed. 2d 705, 87 S. Ct. 824, 24 A.L.R.3d 1065 (1967); *accord, State v. Johnson*, 71 Wn.2d 239, 244-45, 427 P.2d 705 (1967). Such a determination is made from an examination of the record from which it must affirmatively appear the error is harmless. *State v. Martin*, 73 Wn.2d 616, 627, 440 P.2d 429 (1968). Here the transcript of the testimony given at the special inquiry hearing is not in the record on appeal. We have no way of independently determining whether the testimony is harmless beyond a reasonable doubt nor can we determine the extent of the prejudicial inhibitory effect of the prosecutor's actions upon the witnesses, nor the claimed harmless character of the interference with defendant's constitutional right to counsel and compulsory process as those rights have been construed. *See State v. Simpson*, 259 La. 94, 104, 249 So. 2d 536 (1971); *United States v. Mendez-Rodriguez, supra* at 5; *Gregory v. United States*, 369 F.2d 185, 188-89 (D.C. Cir. 1966).

> We could not examine the entire record in the instant case to determine whether the error is harmless. The transcript of testimony is not included in the record as made up . . . Since a statutory right accorded the defendant was clearly violated, we cannot presume that the defendant was not prejudiced.

*State v. Simpson, supra* at 104.

■ The remaining question is whether instead of dismissing the case, the court should have merely suppressed the use at trial of the special inquiry testimony.

CrR 8.3(b) provides:

> The court on its own motion in the furtherance of justice, after notice and hearing, *may* dismiss any criminal prosecution and shall set forth its reasons in a written order.

(Italics ours.) The word "may" gives the trial court discretion in determining whether or not to dismiss a criminal prosecution. *See State v. Osborn,* 87 Wn.2d 161, 550 P.2d 513 (1976). The discretion must be exercised in accordance with our requirement that the record show "governmental misconduct or arbitrary action of the type historically regarded by this court as sufficient to support a dismissal of a criminal charge." (Footnote omitted.) *State v. Starrish,* 86 Wn.2d 200, 205-06, 544 P.2d 1 (1975). The affidavit of defendant's counsel establishes governmental misconduct within the meaning of *Starrish.*

However, the State does not argue or show the trial court has abused its discretion in dismissing this prosecution on the strength of defendant's affidavit which alleges prejudice of a different kind. *See State v. Grant,* 9 Wn. App. 260, 266, 511 P.2d 1013 (1973). That affidavit, as already pointed out, shows prejudice to defendant from violation of his constitutional right to counsel and to compulsory process of witnesses—both rights being ingredients of a fair trial. It therefore would have been sheer speculation for the trial court or this court to hold the State had discharged its duty to prove that mere exclusion of the testimony taken at the special inquiry proceeding would be adequate to dissipate the total prejudice to defendant's ability to present his alibi defense. *See State v. Cory,* 62 Wn.2d 371, 377, 382 P.2d 1019, 5 A.L.R.3d 1352 (1963); *State v. Kearney, supra.* We cannot find the trial court abused its discretion.

Affirmed.

STAFFORD, C.J., and ROSELLINI, HUNTER, HAMILTON, WRIGHT, UTTER, and BRACHTENBACH, JJ., concur.