[No. 10100. Department Two. February 15, 1912.]

THE STATE OF WASHINGTON, *Respondent*, v.
CHARLES PRYOR, *Appellant*.[1]

CRIMINAL LAW — TRIAL — MISCONDUCT OF COUNSEL—FAIR TRIAL.
Upon a prosecution for abortion, the defendant is deprived of his
right to a fair trial, where evidence was received that he had re-
peatedly ravished the prosecuting witness and compelled her to com-
mit sodomy with him, and his motion to strike the same was granted
only upon exacting an admission that the prosecuting witness was
pregnant by him.

ABORTION—EVIDENCE OF OTHER CRIMES—SODOMY—ADMISSIBILITY.
In a prosecution for abortion, evidence of the commission of sodomy
with the prosecuting witness is inadmissible.

CRIMINAL LAW—MISCONDUCT OF COUNSEL. Where, in a prosecu-
tion for abortion, improper evidence of acts of sodomy with the
prosecuting witness has been stricken, it is highly improper for the
state to cross-examine the defendant concerning the acts of sodomy,
and it cannot be said that the prejudicial effect thereof and of the
evidence is cured by sustaining objections thereto and instructing
the jury to disregard the evidence.

Appeal from a judgment of the superior court for King
county, Gay, J., entered October 28, 1911, upon a trial and
conviction of abortion. Reversed.

*A. G. McBride* and *Jay C. Allen*, for appellant.

*John F. Murphy*, *Alfred H. Lundin*, *H. B. Butler*, and
*T. J. L. Kennedy*, for respondent.

ELLIS, J.—The appellant was convicted of the crime of
abortion, attempted by the use of certain instruments upon
the person of one Regna Abramson, and prosecutes this ap-
peal from the judgment of the court thereon. Many errors
are assigned, but as they are not of a nature likely to recur
when the case is retried, we deem it unnecessary to review
all of them. Neither do we find it necessary to review the
competent evidence in relation to the crime actually charged,

[1]Reported in 121 Pac. 56.

further than to say that it would probably be sufficient to sustain the verdict, had we reason to believe that it formed the sole basis of that verdict, and had the accused been accorded that fair and impartial trial according to law which is the natural right of every person accused of any crime, whatever its nature. Whether guilty or innocent, the defendant was entitled to such a trial, and the state could demand nothing less. An examination of the record convinces us that it has not been accorded in this case.

In his opening statement to the jury, the assistant prosecuting attorney said, among other things, that the state would prove that the defendant threw the prosecuting witness upon the ground and had intercourse with her by force and against her will, and had compelled her to commit acts of sodomy with him upon five different occasions. The defendant objected to these statements and requested the court to instruct the jury to disregard them. The court overruled the objections and declined to so instruct.

Counsel for the defense, in his preliminary statement to the jury, admitted that, shortly after they became acquainted, the defendant and the prosecuting witness began living together the same as if they were husband and wife. As a part of the state's case in chief, the prosecuting witness was permitted, over objection of the defendant, to testify that the defendant, by force and threats, had ravished her many times, and had, on five different occasions, by threats with a revolver and handcuffs, compelled her to commit the crime of sodomy with him.

After this evidence, with all of its revolting details, had been admitted, the defendant still insisting upon his objections thereto, moved the court to strike it. The court then intimated that, if the defendant would admit that the complaining witness was pregnant by the defendant, the motion would be granted. The defendant, bartering away one right in the hope of preserving another, accepted the terms offered and admitted that the prosecuting witness was pregnant by

him. The court then struck the evidence relative to the crimes of rape and sodomy, and instructed the jury to disregard it. Evidence of pregnancy of the woman by the defendant was clearly a part of the state's case, as showing motive for the crime of abortion charged. The admission thus procured was in its nature extremely damaging to the defense. It cannot fairly be said that it was voluntary.

It requires no citation of authority to show that the accused did not have a fair trial. After the admission of the defendant's illicit cohabitation with the prosecuting witness, which was made in his preliminary statement to the jury, it is plain that evidence of rape was neither necessary nor proper. The defendant's admission of illicit cohabitation had already supplied conclusively whatever evidence of motive for the crime of abortion that illicit intercourse, whether by force or otherwise, could furnish. Evidence of rape could not more conclusively establish the only material fact to which it could in any case have been directed, namely, illicit intercourse as showing motive. Its only added tendency was to inflame the minds of the jurymen against the defendant by unnecessarily introducing a distinct and degrading crime of which he was not charged in the information.

The evidence as to the crime of sodomy was even more plainly inadmissible, at any time or for any purpose. It could not tend to prove the crime of abortion nor could it tend to supply a motive for that crime. In cases of this kind, the only admissible evidence of other crimes than that charged in the indictment or information is evidence of such crimes as tend to establish an intent or to show a motive to commit the abortion. For example: to establish intent, evidence that the defendant has committed abortion on the same, or even on another woman, is admissible; and to establish motive, it may be shown that the defendant was the author of the woman's pregnancy or has had illicit intercourse with her. 1 Ency. Evidence, pp. 54, 55. We have

been cited to no authority, and have found none, holding that evidence of wholly distinct crimes not necessary to prove, nor tending to prove, either of those things is admissible in a trial for abortion.

On cross-examination of the defendant, the state's attorney, notwithstanding the fact that the evidence had been stricken, questioned him concerning the alleged acts of sodomy. This was highly improper. While the court sustained an objection thereto, and instructed the jury to disregard this, its tendency was to keep before the minds of the jury the stricken evidence.

These errors were so vital, and the effect of the incompetent evidence, from its very nature, so prejudicial, that we cannot say that they were cured by the order to strike, and the instruction to disregard. If the testimony of the prosecuting witness as to the other two crimes not charged in the information was believed, it would inevitably create a prejudice in the mind of any human being not lower in his moral makeup than the beasts of the field. We have no assurance that the jury did not believe it. It would be to the credit of the jury, rather than to its discredit, if, believing this testimony, it entertained a prejudice against the accused, ineradicable by any order striking the testimony, or by any instruction, however clear and forcible, to disregard it. A fair trial consists not alone in an observance of the naked forms of law, but in a recognition and a just application of its principles. It may be that the defendant is guilty. On that we express no opinion. It must be remembered, however, that "though unfair means may happen to result in doing justice to the prisoner in the particular case, yet, justice so attained, is unjust and dangerous to the whole community." *Hurd v. People*, 25 Mich. 404.

The circumstances of this case impel us to reaffirm and emphasize what is said in *State v. Montgomery*, 56 Wash. 443, 105 Pac. 1035, 134 Am. St. 1119:

"It is not our purpose to condemn the zeal manifested by

the prosecuting attorney in this case. We know that such officers meet with many surprises and disappointments in the discharge of their official duties. They have to deal with all that is selfish and malicious, knavish and criminal, coarse and brutal in human life. But the safeguards which the wisdom of ages has thrown around persons accused of crime cannot be disregarded, and such officers are reminded that a fearless, impartial discharge of public duty, accompanied by a spirit of fairness toward the accused, is the highest commendation they can hope for. Their devotion to duty is not measured, like the prowess of the savage, by the number of their victims."

The judgment is reversed and a new trial ordered.

DUNBAR, C. J., MOUNT, FULLERTON, and MORRIS, JJ., concur.