[No. 39507. Department One. January 18, 1968.]

THE STATE OF WASHINGTON, *Respondent*, v. RICHARD LEE MILES *et al., Appellants.*\*

*Carl L. Loy* and *Ronald F. Whitaker,* for appellants (appointed counsel for appeal).

*Lincoln E. Shropshire* and *Patrick H. Olwell,* for respondent.

ROSELLINI, J.—A jury found the defendants guilty of having robbed a state liquor store in Grandview on the night of March 12, 1966. They were identified by the liquor

\*Reported in 436 P.2d 198.

store attendant who was on duty when the robbery occurred. The attendant also identified the guns which were used. Neither the defendants nor the guns conformed exactly to the description which the attendant gave in a written statement shortly after the occurrence, but the inaccuracies were evidently explained to the satisfaction of the jury. In addition, the automobile of one of the defendants conformed to the description of a car seen in the parking lot of the liquor store just before the robbery. There was also evidence concerning the behavior of the defendants at a social gathering which occurred after the robbery which the jury could find consistent with guilt on their part.

In support of their defense of alibi, the defendants offered the testimony of several persons that they were at the home of the defendant Hunt's mother and stepfather in Prosser, Washington, at the time of the robbery.

Two errors are assigned on appeal. The first of these is that the trial court erroneously refused to grant a mistrial when a witness for the prosecution gave testimony of such a prejudicial and inflammatory nature that its introduction could not be cured by the instruction to disregard it, which was promptly given by the court. The introduction of this testimony occurred in the following manner.

During the course of the state's case, a witness, a Spokane policeman who assisted in arresting the defendants, was asked to relate what message was contained in a Teletype which had been received from the Yakima County sheriff's office, on the basis of which the arrest was made. The defendants' objection that the answer would be hearsay was overruled, the court stating that the testimony was not being offered to prove the truth of the matter contained therein.

The officer testified that the Teletype described two wanted subjects out of Yakima County and a wanted car, and stated that they were headed for Spokane and were going to duplicate the robbery committed in Grandview.

It was at this point that the defendants moved for a mistrial. While denying this motion, the trial court instructed the jury as follows:

Ladies and gentlemen of the jury, the Court has allowed the witness to testify as to the basis of why, as to the information which he received as his roll call progressed on, I guess it was March 17th, 1966. You are instructed to disregard that last portion of the testimony of this officer, other than that relating to two subjects in an automobile. That's the only part you may consider. The rest of it has no bearing in this trial and no bearing upon any outcome of this trial, and it really has no bearing on this man's testimony. All we are concerned with is that he had information concerning two people in a car, and from there you may proceed.

It is the contention of the defendants that the testimony relating to the Teletyped message that they were going to duplicate the crime in the Spokane area, was "the most prejudicial type of hearsay evidence," and that no instruction could erase its effect from the minds of the jury.

In *State v. Dinges,* 48 Wn.2d 152, 154, 292 P.2d 361 (1956), we said:

A defendant must be tried for the offense charged in the indictment or information. To introduce evidence of an unrelated crime is grossly and erroneously prejudicial, unless the evidence of the unrelated crime is admissible to show motive, intent, the absence of accident or mistake, a common scheme or plan, or identity. These exceptions are not necessarily exclusive; in numerous cases cited, we have pointed out that the true test of admissibility is that the evidence of other criminal offenses must be relevant and necessary to prove *an essential ingredient* of the crime charged.

The state does not suggest that the testimony of the officer was relevant or necessary to prove an ingredient of the crime charged. In fact, the prosecutor maintains that he was surprised by this portion of the officer's testimony and had no reason to expect that he would make such a statement. The record does not show, however, that he so advised the trial court. (See *State v. Devlin,* 145 Wash. 44, 258 Pac. 826 (1927).)

The testimony would have been prejudicial and improper had it been *competent evidence* of another crime. Far from being evidence which would show the commission of a

crime, however, it is merely hearsay evidence that another crime was being planned or undertaken. Consequently it would not have been admissible even if offered for some purpose for which evidence of another crime would be properly admissible.

But, although it was incompetent to prove the matter which it asserted, it cannot be supposed that the jury was unimpressed by it. This testimony was calculated to and undoubtedly did implant in the minds of the jury the idea that the defendants had committed other robberies of this type and were therefore most likely to have committed the one charged. It is true that there was no reference to past acts; but the inference is strong that the Yakima County sheriff had sufficient knowledge of the defendants' activities to form a judgment about their future plans.

We do not think the prejudicial effect of this testimony could be removed by an instruction. As the defendants point out, a more elaborate instruction than that which was given would only emphasize the testimony in the minds of the jury.

■ As we said in the recent case of *State v. Green,* 71 Wn.2d 372, 428 P.2d 540 (1967), the final measure of error in a criminal case is not whether a defendant was afforded a perfect trial, but whether he was afforded a fair trial. A trial in which irrelevant and inflammatory matter is introduced, which has a natural tendency to prejudice the jury against the accused, is not a fair trial. *State v. Devlin, supra.* In that case, speaking of the effect of the introduction of irrelevant evidence of other crimes, this court said, at 51:

> The question involved is that of a fair and impartial trial. In *State v. Pryor,* 67 Wash. 216, 121 Pac. 56, this court said:
>
> "A fair trial consists not alone in an observation of the naked forms of law, but in a recognition and a just application of its principles."
>
> It is the law of the land, a right vouchsafed by the direct written law of the people of the state. It partakes of the character of fair play which pervades all the activities of the American people, whether in their sports,

business, society, religion or the law. In the maintenance of government to the extent it is committed to the courts and lawyers in the administration of the criminal law, it is just as essential that one accused of crime shall have a fair trial as it is that he be tried at all, whether he be guilty or not, has his picture in the rogue's gallery or not. In the *Pryor* case just referred to, it was said that it must be remembered, as stated in *Hurd v. People*, 25 Mich. 404, "that unfair means may happen to result in doing justice to the prisoner in the particular case, yet, justice so attained is unjust and dangerous to the whole community."

 While it is presumed that juries follow the instructions of the court, an instruction to disregard evidence cannot logically be said to remove the prejudicial impression created where the evidence admitted into the trial is inherently prejudicial and of such a nature as to likely impress itself upon the minds of the jurors. *State v. Suleski*, 67 Wn.2d 45, 406 P.2d 613 (1965).

 We conclude that the testimony of the police officer, concerning an alleged plan to perpetrate a robbery like the one with the commission of which the defendants were charged, was so prejudicial in nature that its effect upon the minds of the jurors could not be expected to be erased by an instruction to disregard it. Therefore the defendants were denied a fair trial and a new trial must be ordered.

 The remaining assignment of error concerns the impeachment of a defense witness by the prosecution. The witness said that she could not remember her prior inconsistent testimony and the state was permitted to introduce that testimony. The defendants cite cases holding that one cannot impeach his own witnesses with prior inconsistent statements if they do not deny making such statements but merely state that they cannot remember. Those cases have no application here. Where a party seeks to impeach an adverse witness, the rule is that the mere failure of the witness to recollect, when asked the preliminary question, does not preclude the impeacher from offering it. 3 Wigmore, Evidence § 1037, at 722 (3d ed. 1940); 4 Jones, Evidence § 937 (5th ed. 1958).

The trial court did not err in permitting the introduction of the prior inconsistent statement of the defense witness for purposes of impeachment.

The judgment on the verdict is reversed and the cause is remanded for a new trial.

FINLEY, C. J., HILL and HALE, JJ., and LAWLESS, J. Pro Tem., concur.