[No. 40226.    Department Two.    March 13, 1969.]

THE STATE OF WASHINGTON, *Respondent*, v. RAYMOND THOMAS, *Appellant*.*

*Ralph L. Jones*, for appellant (appointed counsel for appeal).

*Arthur R. Eggers* and *Albert J. Golden*, for respondent.

PER CURIAM.—Defendant appeals from conviction and sentence for the crime of escape while under charge of a felony. He had been charged wth grand larceny by check by information filed September 9, 1966. A warrant was issued. At the time of the filing and issuance of the war-

*Reported in 452 P.2d 256.

rant, defendant was in custody at Lewiston, Idaho. He waived extradition and the Idaho charge was apparently dropped to permit his return to Washington. While in the Walla Walla County jail on the check charge, defendant and two other prisoners escaped. A week later all three escapees were apprehended in the Blue Mountains in Oregon at a point some 18 miles from Walla Walla. Oregon authorities charged all three individuals with breaking and entering mountain cabins. Again, defendant waived extradition and voluntarily returned to Washington to stand trial on the check charge and the new charge of escape.

Defendant first entered a plea of guilty to the escape charge, but was permitted to change his plea to not guilty. Following a change of counsel (the fourth appointed attorney), defendant was permitted to enter a plea of mental irresponsibility at the time of the alleged offense.

Defendant's assignments of error relate to the court's ruling against his motion to return defendant to Idaho and challenge the validity of the Idaho arrest; refusal of the court to send defendant to Eastern State Hospital for a 90-day psychiatric evaluation; and alleged misconduct of the prosecuting attorney in closing argument.

■ The first assignment of error is not well taken. Defendant, at the time of his escape, was being held in custody under a valid warrant and information. Any invalidity in defendant's Idaho arrest is not imputed to the Washington authorities, particularly when defendant waived extradition and returned to Washington voluntarily. *Cf., In re Davis v. Rhay*, 68 Wn.2d 496, 413 P.2d 654 (1966); *State v. Ryan*, 48 Wn.2d 304, 293 P.2d 399 (1956); *See* Annot., 165 A.L.R. 954 (1946).

■ It is not clear from defendant's brief whether his second assignment of error relates to his mental capacity to stand trial or solely to his defense of mental irresponsibility at the time of the offense. We consider that both are involved. It is, of course, the duty of the court to ascertain that a criminal defendant has the mental capacity to stand trial and is competent to assist in his defense. We stated in

*State v. Henke,* 196 Wash. 185, 82 P.2d 544 (1938), that a trial court may use its discretion in the manner in which it determines the requisite mental condition of a defendant. The court did appoint a qualified psychiatrist at the state's expense. The psychiatrist examined the defendant and reported his findings to the court, with counsel having access to the report. The report was not used nor did the defendant call the psychiatrist as a defense witness. This is not a situation wherein a defendant is denied equal protection by virtue of his indigency in combatting a battery of psychiatrists employed by the state. The trial court did not abuse its discretion.

During closing argument, the prosecutor made reference to the fact that defendant had not produced any witness as to his claimed mental state. He stated that the defendant "has the same power as I have in regards to subpoenaing them." These statements were made in response to defendant's testimony as to his mental problems, his doctor and his hospitalization. We see no prejudice in the state's answering defendant's claim of mental illness by asking for witnesses or other evidence in the matter. Further, no objection was made and no request was made for a corrective instruction.

Defendant has filed, through his counsel, an 89-page pro se "brief." We have read this document, but are unable to discern any reversible error set forth therein.

Finding no error, the judgment and sentence is affirmed.