[No. 31-40636-3. Division Three. December 18, 1969.]

THE STATE OF WASHINGTON, *Respondent*, v. EDWARD WALTER MATTE, *Appellant*.

*Edward H. McKinlay* (of *Horrigan, Sullivan & McKinlay*), for appellant (appointed counsel for appeal).

*C. J. Rabideau, Prosecuting Attorney,* and *Laurence S. Moore, Deputy,* for respondent.

MUNSON, J.—Defendant appeals from a judgment entered on verdicts of guilty from prosecutions for forgery and for being an habitual criminal.

On the morning of October 20, 1967, defendant Edward Matte, also known as Gene Felsman, passed to L. L. Harris a forged check for $81, drawn on the account of Charlie

Cox, his former employer. Defendant did not deny he passed the check or that he forged it, but rather he claims he cannot recall having done so.

In answer to the charge of forgery Matte pled not guilty and not guilty by reason of insanity. He bases the insanity defense on the weakened condition of his mind due to his habitual alcoholism. Prior to trial, defendant moved for a hospital examination to establish his insanity defense. The motion was denied but he was granted an interview with a court-appointed psychiatrist. During the forgery trial the defense offered no expert testimony as to Matte's inability to distinguish between right and wrong because of his habitual intemperance. Instead the defendant testified in narrative form to a long history of alcoholism and the trouble which it brought him. There was no evidence introduced to show defendant was intoxicated at the time he passed the check. In fact, Harris testified he did not believe Matte was intoxicated.

Defendant claims error in the failure of the trial court to instruct upon his special plea of insanity. Although non-expert testimony is admissible on this issue, *State v. Miller,* 177 Wash. 442, 32 P.2d 535 (1934), from an examination of the entire record we are satisfied there was insufficient testimony to warrant the giving of such an instruction. *State v. Bower,* 73 Wn.2d 634, 440 P.2d 167 (1968); *State v. Piche,* 71 Wn.2d 583, 430 P.2d 522 (1967); *State v. Odell,* 38 Wn.2d 4, 227 P.2d 710 (1951); *State v. Rio,* 38 Wn.2d 446, 230 P.2d 308 (1951).

Likewise, there is no merit to defendant's claims of error relating to those portions of his narration to which objections were sustained. The trial court's rulings were proper.

Defendant further alleges as error the court's failure to grant a mistrial as a result of two instances in which references were made to other offenses. The first occurred while Helen Cox was attempting to pinpoint a time when the defendant appeared at the Cox place of business to seek reemployment. She testified as follows:

Q What part of October was this?

A It was the third week of October. It was after a robbery out there, and I know the weekend of the robbery, and it was at that time; right after that a few days.

Q In the third week of October?

A Well, I think . . . I have a little calendar here. Would that be the third or fourth week. I had had a machine stolen on the weekend of October . . .

Upon objection by defendant the court admonished the jury to disregard any reference to any particular activity or alleged crime other than that which was in issue and suggested the witness refer to the time involved on some other basis. No further mention was made of the robbery except in the witness' cross-examination when, in reply to the defendant's question, she referred to it only as "that weekend which I had in mind."

The other point of testimonial controversy centers around the redirect examination of Charlie Cox when the following occurred:

Q Is this the same check they called you about?

A Well, I would suppose so. They had several checks.

Mr. McKinlay: Well, I'll object to . . .

The Court: Sustained.

Mr. Rabideau:

Q Well, my question is when the bank called you do you know if this was the specific check . . .

Mr. McKinlay: I will object, Your Honor. The witness has already answered the question.

. . .

The Court: You may answer.

A This is one of the checks they called about.

Mr. McKinlay: Well, I would object. There are other instances coming in. I would ask for a mistrial at this time.

Mr. Rabideau: Perhaps this should be discussed outside the presence of the jury, Your Honor.

The Court: In light of the record to this point I am going to instruct the jury to disregard the reference just made to other checks; that there were other

checks that were being considered by Mr. Cox; they have no relevance to this case, and you are instructed to disregard any answer made by him concerning other checks. His answer now reads in the affirmative as to Exhibit 1.

Thereafter, the jury was instructed to disregard any reference to other checks as they were not relevant.

 We believe the possible prejudice to defendant due to each instance was properly corrected by the court's instruction to the jury to disregard. The two exchanges are not of such an inflammatory nature that their tendency to prejudice the jury against the accused could not be mitigated by remedial instruction. In neither instance was there a direct connection with the defendant nor reasonable inference that he was involved in either transaction. Since this type of testimony may be corrected by an instruction to the jury to disregard, it is clearly distinguishable from the type of testimony set forth in *State v. Miles*, 73 Wn.2d 67, 436 P.2d 198 (1968) and *State v. Suleski*, 67 Wn.2d 45, 406 P.2d 613 (1965).

 Defendant next objects to the court's failure to commit him to a mental hospital for observation. It is well established that a superior court has the discretionary power to appoint a commission to determine the sanity of a defendant. *State v. Thomas*, 75 Wn.2d 516, 517, 452 P.2d 256 (1969); *State v. Biondic*, 47 Wn.2d 593, 288 P.2d 845 (1955); *State v. Henke*, 196 Wash. 185, 82 P.2d 544 (1938). However, no authority is cited to the court for direct commitment to a state hospital upon such a request. In the instant case, the court did appoint a psychiatrist to examine the defendant and submit a report to court and counsel. The psychiatrist was not called by either party. The court had the psychiatrist's report before it at the time it considered defendant's application for commitment. There is no showing that the court abused its discretion in this matter.

The defendant raises constitutional issues attacking the habitual criminal act. As stated in *State v. Lei*, 59 Wn.2d 1,

4, 365 P.2d 609 (1961), quoting from *State v. Jackovick,* 56 Wn.2d 915, 917, 355 P.2d 976 (1960):

> "Appellant makes the customary attacks on the habitual criminal act as being unconstitutional for lack of both due process and equal protection under the law.
>
> "We have heretofore considered these contentions and found them to be without merit. [Citing cases.]"

Both cases are still the law in the state of Washington and are controlling here.

The defendant contends there were no properly certified exhibits of any judgment and sentence introduced at trial which would sustain a finding that he is an habitual criminal. This contention is well taken.

Exhibit 8 is a certification by the warden of the Montana State Prison that the attached documents are from the original files and records of persons committed to that institution in the name of this defendant, Edward W. Matte. There is a further certification from the Secretary of State of Montana to the effect that the warden is the warden and the officer having legal custody of the original records of said prison. Exhibits 3 and 4 are copies of two judgment and sentences from the records of the warden of the Montana State Prison.

■ There can be no question that these documents from the warden of the Montana State Prison are admissible on the issue of the identity of the defendant. *State v. Reed,* 56 Wn.2d 668, 354 P.2d 935 (1960); *State v. Kelly,* 52 Wn.2d 676, 328 P.2d 362 (1958). However, in *State v. O'Dell,* 46 Wn.2d 206, 212, 279 P.2d 1087 (1955), our Supreme Court stated:

> The records and proceedings of a sister state must be proved in the manner specified in 28 U. S. C. § 1738, or in the less stringent manner prescribed by RCW 5.44.010, Rem. Rev. Stat., § 1254. *Both procedures call for authentication by the attestation of the clerk of the court.* The state statute requires that the seal of the court be annexed. The Federal statute requires that the seal be annexed, if a seal exists. The Federal statute also requires a certificate of a judge of the court that the attestation is in proper form.

These statutes contemplate that the original certifications will be introduced in evidence. See *State v. Johnson*, 194 Wash. 438, 78 P. (2d) 561. This was not done in the instant case. *The warden's certification that a specified document is an exact copy of the judgment and sentence as certified by the clerk of the court is insufficient.*

(Italics ours.) These requirements of proof have not changed since the *O'Dell* case.

Plaintiff argues that CR 44(a) is controlling and is the authority for the admission of exhibits 3 and 4 in the instant case. Plaintiff misinterprets the rule. This rule also contemplates that a certification must come from the custodian of the original documents, *i.e.* the trial court which retains, as a part of its records, the original judgment and sentence. *New Trial—Habitual Criminal Status*, Annot., 79 A.L.R.2d 826, 832 (1961). There being no properly certified document of any judgment and sentence admitted herein, the finding that defendant is an habitual criminal cannot be sustained.

The defendant's contention that the trial court erred in admitting exhibit 11, a photograph submitted within the certification of exhibit 8, is not well taken. The identification number on the photograph is the same as the identification number on an exhibit of judgment and sentence thereby establishing a prima facie case of identification of Matte with that exhibit.

The judgment and sentence are reversed. The sentence being invalid, plaintiff shall produce the defendant in the trial court for imposition of sentence either under the forgery statute, or for new trial on the issue of whether defendant is an habitual criminal.

EVANS, C. J., and GREEN, J., concur.