# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON,  )
                                      )  No. 79077-3-I

        Respondent,  )

                                       )  DIVISION ONE

     v.  )

                                       )  UNPUBLISHED OPINION

PAUL AARON MCDONALD,  )

        Appellant.  )  FILED: May 6, 2019
_____ )

LEACH, J. — Paul Aaron McDonald appeals his judgment and sentence for his conviction of failure to register as a sex offender under RCW 9A.44.132. He challenges the trial court's admission of evidence of his earlier failure to register as propensity evidence improperly admitted under ER 404(b) and the admission of the judgment and sentence for a theft conviction as improper impeachment evidence. He contends the trial court should have granted him a mistrial after a State's witness testified that he had been jailed between May 2015 and May 2017. He claims that insufficient evidence supports the jury's verdict and that the State committed prosecutorial misconduct in its closing arguments. Finally, he contends that the combined errors require reversal as a result of cumulative error.

McDonald does not establish the trial court improperly admitted the challenged evidence. Evidence of his earlier failure to register showed his knowledge about his registration obligations. The trial court properly admitted the judgment and sentence from his theft conviction as impeachment evidence. The testimony by the State's witness about McDonald's incarceration between 2015 and 2017 did not warrant a new trial. The record contains sufficient evidence to support the verdict. McDonald does not establish prosecutorial misconduct during his trial. Because he has not shown any error, McDonald does not establish that cumulative error denied him a fair trial. We affirm.

FACTS

A jury convicted McDonald on August 3, 2017, for failing to register as a sex offender. He appeals his judgment and sentence.

McDonald was convicted of a felony sex offense by Clallam County Juvenile Court in 1999. As a result of this conviction, he was required to register as a sex offender. On May 22, 2015, he reregistered with the Clallam County Sheriff's Office (CCSO) as a transient. On that day and again on November 3, 2016, he signed documents that informed him of the requirements for registering as a transient sex offender in Clallam County.

These documents state that Clallam County requires transient sex offenders subject to RCW 9A.44.130(6) to register in person with the CCSO on

-2-

Tuesdays between 8:30 a.m. and 4:30 p.m.[1] The first failure to register results in a verbal and written warning. Any subsequent failure results in arrest. Transients are verbally instructed regarding applicable registration requirements in addition to receiving these instructions in writing.

McDonald failed to appear at the CCSO as required on September 13, 2016. Deputy Amy Oakes recorded that he was noncompliant for his transient check-in. When he appeared the next day, Deputy Kaylene Zellar, the officer in charge of CCSO sex offender registration, warned him that any subsequent nonappearance would result in arrest. She also provided him with a written statement, which he signed, that said, "[A]ny further non-compliance will result in arrest, no exceptions."

On Tuesday, June 6, 2017, McDonald was scheduled to check in at the CCSO. Shortly after noon that day, he learned he did not have a ride. He left Sequim with his dog and traveled by bus and on foot. His phone was out of minutes, so he could neither call nor text. But he could check the time. His phone said 4:20 p.m. as he was still walking to the CCSO.

At 4:35 p.m. on June 6, 2017, Deputy Oakes wrote "no show" on McDonald's registration form. Deputy Zellar testified that at 4:37 p.m. she did not

---

[1] The trial court adopted findings of fact during sentencing. The findings are unchallenged, and we consider unchallenged findings as true on appeal. Estate of Nelson v. Dep't of Labor & Indus., 175 Wn. App. 718, 723, 308 P.3d 686 (2013).

know where McDonald was. She instructed Deputy Andrew Wagner to take McDonald into custody when he appeared. McDonald arrived at approximately 4:45 p.m. and found the outer door locked. Deputy Wagner let him in, told him the CCSO was closed, and left him in the lobby with another deputy. Wagner retrieved Zellar, who spoke with McDonald sometime between 4:45 and 4:50 p.m. Zellar later ordered McDonald's arrest for failure to register as a sex offender.

The State charged McDonald with one count of failing to register as a sex offender. During trial, over objection, the court admitted testimony and documentation of McDonald's earlier failure to register. The trial court, also over objection, admitted the 2016 judgment and sentence for McDonald's conviction of theft in the third degree after his testimony about the conviction. Multiple witnesses testified that McDonald was not at the CCSO at 4:30 p.m. McDonald testified that he looked at his phone at 4:20 p.m. while he was still walking to the CCSO. In closing, the State described the meaning of "knowingly" for the purposes of the statute. The defense objected, claiming the State was misstating the law. In response, the trial court directed the jury to "disregard any remarks, statement or argument . . . not supported by the law in [the] instructions."

The jury convicted McDonald as charged. He appeals.

ANALYSIS

McDonald claims that the trial court should not have admitted evidence of his earlier failure to register or a copy of his prior judgment and sentence for theft in the third degree. He contends it should have declared a mistrial after a State's witness revealed that McDonald was incarcerated sometime between May 2015 and May 2017. He challenges the sufficiency of the evidence to support the jury's verdict and asserts prosecutorial misconduct during closing arguments. Finally, he claims that cumulative error denied him a fair trial.

RCW 9A.44.130(6)(b) requires that a convicted sex offender "who lacks a fixed residence must report weekly, in person, to the sheriff of the county where he or she is registered. The [offender's] weekly report shall be on a day specified by the county sheriff's office, and shall occur during normal business hours." The Clallam County Sheriff requires transient sex offenders residing in Clallam County to comply with this statute by appearing at the CCSO between 8:30 a.m. and 4:30 p.m. on Tuesdays. CCSO employees notify transient sex offenders in person and in writing that if a "person has a duty to register . . . for a felony sex offense and knowingly fails to comply with any of the requirements of RCW 9A.44.130," that person "commits the crime of failure to register as a sex offender."[2]

_____

[2] RCW 9A.44.132(1).

-5-

A jury convicted McDonald. He does not establish error arising from the trial proceedings that led to his conviction. The trial court did not abuse its discretion in admitting evidence of his prior failure to register or of the judgment and sentence for his conviction for third degree theft. He does not show that the court should have granted him a mistrial after the State provided evidence that he had been in jail within the preceding two years. The State provided sufficient evidence for the jury to find him guilty beyond a reasonable doubt. McDonald also fails to show any prosecutorial misconduct. Without any demonstrated error, the cumulative error doctrine does not apply. We affirm.

<u>Evidence of Prior Misconduct, ER 404(b)</u>

McDonald contends that the trial court should not have admitted evidence that he missed a registration date in 2016 without conducting an ER 404(b) analysis on the record. He asserts that the evidence was not relevant and that its prejudicial effect outweighed its probative value.

This court reviews the trial court's evidence decision for abuse of discretion.[3] A trial court abuses its discretion when it makes a manifestly unreasonable decision or bases its decision on untenable grounds or reasons.[4] ER 404(b) generally makes evidence of the accused's earlier misconduct

---

[3] <u>State v. Powell</u>, 126 Wn.2d 244, 258, 893 P.2d 615 (1995).
[4] <u>Powell</u>, 126 Wn.2d at 258.

inadmissible to show a propensity to commit the charged crime.[5]   But this

evidence may be admitted for another purpose, such as knowledge.[6]

Before admitting evidence of prior bad acts, the trial court "must (1)

identify the purpose for which the evidence is sought to be introduced, (2)

determine whether the evidence is relevant to prove an element of the crime

charged and (3) weigh the probative value of the evidence against its prejudicial

effect."[7]   The party offering the evidence of prior conduct must prove that it

actually occurred by a preponderance of the evidence.[8]   The trial court should

conduct its analysis on the record.[9]   But when the trial court does not state its

analysis on the record, this court can still decide the evidence's admissibility if

the record as a whole is sufficient to allow it to make the required analysis.[10]

During direct examination, Zellar testified about McDonald's September

13, 2016, failure to register as a sex offender.  McDonald objected, claiming that

ER 404(b) prohibited this evidence.  After the court excused the jury, the State

provided the court with two exhibits.  It provided the CCSO's homeless check-in

form for the date McDonald failed to register in 2016 that indicated he was a "no

show." It also provided the written warning signed by McDonald on September

---

[5] State v. Fisher, 165 Wn.2d 727, 744, 202 P.3d 937 (2009).
[6] ER 404(b).
[7] State v. Lough, 125 Wn.2d 847, 853, 889 P.2d 487 (1995).
[8] Lough, 125 Wn.2d at 853.
[9] State v. Jackson, 102 Wn.2d 689, 694, 689 P.2d 76 (1984).
[10] State v. Gogolin, 45 Wn. App. 640, 645, 727 P.2d 683 (1986).

14, 2016, which told him about the registration requirements and that if he failed again he would be arrested.

The trial court did not conduct an ER 404(b) analysis on the record. Initially, in response to the defense's objection, it stated,

> I don't see this as 404(b) evidence of wrongs or acts, it's just—it's really admissible for other purposes to show proof of—I don't know if—the wording of the 404(b) is, you know, intent or preparation, plan, knowledge, identity, I mean, all those sorts of things are within this sort of an exception to that where a verbal warning of non-compliance is given and this is simply evidence that on that occasion a verbal warning of non-compliance was given.

Later, the State stated that its "main intent for admitting this [was] to go to knowledge." The court adopted this, without any independent analysis, as the evidence's purpose under ER 404(b). The State then said, "[K]nowledge is an essential element of the crime of failure to register, and I think that this [evidence of a prior failure to register] is far more probative than it is prejudicial."[11] The court did not state any analysis of the evidence's relevance or evaluate its probative, as compared to its prejudicial, effect. Instead, it responded, "Okay, and that's basically what I'm finding." The court overruled McDonald's objection and admitted the evidence. Despite the trial court's failure to make any record of

---

[11] The State also asked the trial court "to find by a preponderance of the evidence that that occurred as Deputy Zellar recounted, that those acts occurred basically. That there was a no show on . . . the 13th . . . , and that [McDonald] was warned the next day." The court adopted this, along with the rest of the State's argument.

an appropriate ER 404(b) analysis, the record contains sufficient information for this court to review the trial court's decision.

Evidence that McDonald failed to appear at the CCSO on an earlier registration date and was warned about the consequences of another failure shows "knowledge" as permitted by ER 404(b). This evidence showed that the CCSO provided McDonald with knowledge that he needed to register and where and when he needed to register. It also provided him knowledge about the likely result if he failed to register one more time.

This made the evidence relevant. ER 401 defines "relevant evidence" as evidence with "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Since the statute required the State to prove knowledge, evidence of this earlier event supports the State's claim that McDonald had the requisite knowledge about his circumstance.[12]

The probative value of demonstrating McDonald's knowledge also outweighed the prejudice arising from evidence of an earlier failure to register. The jury heard testimony that the CCSO allows a person one failure to register as a sex offender before arresting him. So without this evidence, the jury

---

[12] RCW 9A.44.132(1).

probably would have concluded that McDonald's arrest meant that he had already failed to register at least once before.[13]

The trial court did not abuse its discretion by admitting this evidence under ER 404(b).

### Evidence of Judgment and Sentence for Theft in the Third Degree

McDonald contends that the trial court should not have admitted a copy of his judgment and sentence for theft in the third degree because he admitted the conviction during his testimony before the State offered the exhibit. He claims that admitting the document "revealed that he went to jail for the offense along with other extraneous and inadmissible information." He does not identify the other "inadmissible information."

We review trial court decisions admitting evidence under ER 609 for abuse of discretion.[14] A trial court abuses its discretion by admitting or excluding evidence if its decision is contrary to law.[15] ER 609(a)(2) authorizes a trial court to admit evidence of conviction of a crime for the purpose of impeaching the credibility of a witness if the crime "involved dishonesty or false statement." In

---

[13] McDonald contends that the evidence of his prior failure to register was inherently unfairly prejudicial because prior acts of sex-related crimes are inherently prejudicial. But a failure to register is not a sex-related crime, and his underlying sexual offense was implicit in his stipulated requirement to register as a sex offender.

[14] State v. McBride, 192 Wn. App. 859, 873, 370 P.3d 982 (2016).

[15] State v. Neal, 144 Wn.2d 600, 609, 30 P.3d 1255 (2001).

Washington, theft is a crime of dishonesty.[16] Evidence admissible under ER 609(a)(2) includes "the fact of conviction, the type of crime, and the punishment imposed."[17] But ER 609(a)(2) does not authorize admission of "details of the acts leading to the prior convictions."[18]

McDonald admitted on direct and cross-examination that he had been convicted of theft in the third degree. Over defense counsel's objection, the court then admitted the challenged judgment and sentence.

ER 609(a)(2) authorizes the admission of this evidence.[19] This rule allows evidence of a theft conviction, as a crime of dishonesty, for impeachment. It disclosed only "the fact of conviction, the type of crime, and the punishment imposed."[20] It did not exceed the scope of what ER 609(a)(2) allows.

McDonald relies on State v. McBride[21] and State v. Coles[22] to support his contention that the trial court should not have admitted the judgment and sentence. These cases do not help him. In McBride, the court determined the

---

[16] State v. Ray, 116 Wn.2d 531, 545-46, 806 P.2d 1220 (1991).

[17] State v. Coe, 101 Wn.2d 772, 776, 684 P.2d 668 (1984).

[18] State v. Coles, 28 Wn. App. 563, 573, 625 P.2d 713 (1981).

[19] McDonald appears to conflate ER 609(a)(1) with ER 609(a)(2) because he quotes from ER 609(a)(1) and highlights part of the quote in his brief: "evidence that [he] has been convicted of a crime shall be admitted if elicited from [him] or established by public record during cross examination." Since theft is a crime of dishonesty, ER 609(a)(2) applies in its admission for impeachment, not ER 609(a)(1).

[20] Coe, 101 Wn.2d at 776.

[21] 192 Wn. App. 859, 867, 370 P.3d 982 (2016).

[22] 28 Wn. App. 563, 573, 625 P.2d 713 (1981).

trial court abused its discretion when it allowed the State to cross-examine a witness about facts supporting a conviction for making a false statement to police.[23] In Coles, the court concluded that the trial court abused its discretion by permitting the State's questions eliciting specific "details of the acts leading to the prior conviction."[24] In both of these cases, the challenged evidence described the acts underlying the conviction, not, as here, the conviction itself. Thus, neither supports McDonald's contention. Indeed, the Coles court stated, "[F]ormer convictions may be shown by admission of the 'record of the conviction,' defined as an authenticated copy of the judgment of conviction."[25]

The trial court did not abuse its discretion by admitting the judgment and sentence for McDonald's conviction of theft in the third degree.

### Statement about Incarceration

McDonald claims that the trial court should have declared a mistrial after a State's witness mentioned that he had been incarcerated between 2015 and 2017.

This court reviews a trial court's decision denying a mistrial for abuse of discretion.[26] The trial court abuses its discretion by denying a mistrial if that

---

[23] McBride, 192 Wn. App. at 861.
[24] Coles, 28 Wn. App. at 573.
[25] Coles, 28 Wn. App. at 572 (citing State v. Steele, 150 Wash. 466, 469, 273 P. 742 (1929)).
[26] State v. Weber, 99 Wn.2d 158, 166, 659 P.2d 1102 (1983).

decision was manifestly unreasonable or based on untenable grounds or reasons.[27] To determine whether a trial court should have granted a mistrial, this court evaluates "(1) the seriousness of the irregularity, (2) whether the statement in question was cumulative of other evidence properly admitted, and (3) whether the irregularity could be cured by an instruction to disregard the remark, an instruction which a jury is presumed to follow."[28]

While cross-examining State's witness Zellar, attorney for the defense asked, "[B]etween May 22nd, 2015 and June 6th, 2017, there were only two instances where Mr. McDonald did not fully comply with your department's requirements for registration?" Zellar asked for clarification. Since the defense counsel "thought it was pretty clear," the court asked Zellar what clarification she needed. She said, "[H]e's gone to jail in those—in that time period. So, on two occasions, we—." The defense attorney cut her off and asked for the jury to be excused. After the jury left, defense counsel said that the comment was "non-responsive" and requested a mistrial because it was unfairly prejudicial. The court did not find it nonresponsive and denied the mistrial request. It allowed defense counsel to rephrase the question and ordered the original question and response be stricken. It instructed the jury to "disregard any response that was

---

[27] Powell, 126 Wn.2d at 258.
[28] State v. Escalona, 49 Wn. App. 251, 254, 742 P.2d 190 (1987) (citing Weber, 99 Wn.2d at 165-66).

made either to the question originally asked by the Defense counsel, or [the court's] question to the witness."

Zellar's statement did not warrant a mistrial. The irregularity here was like that in State v. Condon[29] where the court concluded that three references during testimony by a witness to the fact that the accused had been in jail before were potentially prejudicial but did not warrant a mistrial.

Zellar's statement represented a somewhat serious irregularity because incarceration may affect the perspective of the jury. But the substance of her statement was cumulative of other evidence. The sentence for McDonald's third degree theft conviction ordered on July 5, 2016, was 35 days' incarceration. This time in jail fell within the time period that Zellar indicated McDonald had been incarcerated. Since the judgment and sentence for this conviction was properly admitted as impeachment evidence, the jury knew that McDonald had been incarcerated during this time period. Finally, the trial court's instruction to ignore the statement was sufficient to cure any error. A court presumes that a jury follows an instruction to disregard statements made by witnesses.[30]

McDonald claims that State v. Escalona[31] supports his argument. It does not. In Escalona, the court decided that the statement by a witness that the

---

[29] 72 Wn. App. 638, 647-50, 865 P.2d 521 (1993).
[30] Weber, 99 Wn.2d at 166.
[31] 49 Wn. App. 251, 742 P.2d 190 (1987).

-14-

accused had a record and had been previously convicted of stabbing someone warranted a new trial.[32] Unlike in Escalona, where the State charged the defendant with assault with a deadly weapon,[33] the testimony here about time in jail did not reveal an earlier criminal act that a jury could match to elements of the crime charged. Further, the State had ample evidence in this case to convict McDonald, even in the absence of the irregularity, whereas in Escalona the State produced a "paucity of credible evidence" to support his conviction.[34]

Similarly, contrary to McDonald's assertion, State v. Miles[35] does not provide us guidance. In Miles, the State charged the defendants with robbery.[36] The defendants challenged evidence of the contents of a teletype message from the Yakima County Sheriff's Office describing two men wanted in a similar crime of robbery, their vehicle, and their intent to commit another robbery in Spokane.[37] The court's decision that this warranted a mistrial was based on the evidence's tendency to show propensity for this type of crime[38] and thus was inadmissible.[39] In contrast, Zellar's statement about McDonald's previous incarceration was part of her testimony to the effect that he had largely been in compliance with the

---

[32] Escalona, 49 Wn. App. at 256-57.
[33] Escalona, 49 Wn. App. at 252.
[34] Escalona, 49 Wn. App. at 255.
[35] 73 Wn.2d 67, 436 P.2d 198 (1968).
[36] Miles, 73 Wn.2d at 67-68.
[37] Miles, 73 Wn.2d at 67-69.
[38] Miles, 73 Wn.2d at 69-70.
[39] Miles, 73 Wn.2d at 69-70.

requirements to register as a sex offender. It does not establish any propensity to fail to register as a sex offender.

The evidence here was cumulative of other evidence, unlike in State v. Devlin[40] where a witness testified that he had seen the defendant before in a photograph as a part of a "rogue's gallery" or "a bunch of pictures in a book down there at the station." The testimony here did not raise a novel issue of the defendant's prior interactions with law enforcement. He stipulated to a conviction as a sex offender, and the jury reviewed the judgment and sentence for his third degree theft conviction.

Finally, we distinguish this case from State v. Suleski.[41] The Suleski court concluded that a mistrial was necessary in a case where the defendant was charged with an attempt to obtain a narcotic drug by fraud.[42] A number of serious irregularities occurred during the trial, ranging from admission of the defendant's automobile, as well as burglary tools and a gun that were the fruits of illegal searches and seizures, to an FBI (Federal Bureau of Investigation) report.[43] Serious irregularities occurred in Suleski, including novel rather than cumulative evidence. These irregularities could not be cured by an instruction

---

[40] 145 Wash. 44, 45-46, 258 P. 826 (1927).
[41] 67 Wn.2d 45, 406 P.2d 613 (1965).
[42] Suleski, 67 Wn.2d at 45-46, 47-48.
[43] Suleski, 67 Wn.2d at 47-51.

because together they appeared to "adroitly" draw a "picture of the defendant's criminal proclivities."[44]

The trial court did not abuse its discretion by failing to grant a mistrial after Zellar's testimony indicated that McDonald had been incarcerated sometime between 2015 and 2017.

Sufficiency of the Evidence

McDonald challenges the sufficiency of the evidence to establish beyond a reasonable doubt that he failed to register as a sex offender as required by RCW 9A.44.130(6)(b). He focuses on a claimed lack of testimony showing that "McDonald knowingly arrived at the [CCSO] after 'normal business hours.'"

This court reviews sufficiency of the evidence de novo because it presents a question of constitutional law.[45] The State must prove all the elements of an offense beyond a reasonable doubt.[46] To evaluate whether sufficient evidence supports a conviction, this court views the evidence in the light "most favorable to the State" and asks whether "any rational trier of fact could have found the essential elements [of the crime charged] beyond a reasonable doubt."[47]

---

[44] Suleski, 67 Wn.2d at 51.
[45] State v. Rich, 184 Wn.2d 897, 903, 365 P.3d 746 (2016).
[46] In re Winship, 397 U.S. 358, 364, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970); U.S. CONST. amend. XIV, § 1; WASH. CONST. art. I, § 3.
[47] State v. Green, 94 Wn.2d 216, 221-22, 616 P.2d 628 (1980).

RCW 9A.44.132(1) states, "A person commits the crime of failure to register as a sex offender if the person has a duty to register under RCW 9A.44.130 for a felony sex offense and knowingly fails to comply with any of the requirements of RCW 9A.44.130." The State had to prove that McDonald had a duty to register under RCW 9A.44.130, that he failed to comply with RCW 9A.44.130 as it applied to him, and that he knowingly did this. Since he had registered as a transient in Clallam County, RCW 9A.44.130 required him to "report weekly, in person, to the sheriff of the county where he or she is registered," here, Clallam.[48] The statute leaves the specific requirements for a weekly report up to the CCSO.[49]

The State met its burden. The parties stipulated that McDonald had a duty to comply with RCW 9A.44.130. The State also provided evidence that he had registered as a transient with Clallam County. So he had had to comply with the CCSO's reporting requirements. Multiple documents and testimony established that the CCSO required registration for transient sex offenders occur on Tuesdays during the CCSO's "normal business hours" of 8:30 a.m. to 4:30 p.m. The State also presented evidence that McDonald knew the CCSO requirements, including documents signed by McDonald and CCSO personnel

---

[48] RCW 9A.44.130 (6)(b).
[49] RCW 9A.44.130(6)(b) (stating, "The weekly report shall be on a day specified by the county sheriff's office, and shall occur during normal business hours.").

testimony. Testimony showed that CCSO personnel told him that his next failure to register would result in his arrest. He had failed to register once before. A rational juror could find beyond a reasonable doubt that McDonald had knowledge sufficient to satisfy the statute's mens rea element.

Testimony by the State's witnesses showed that McDonald arrived after 4:30 p.m. on June 6, 2017, the day he was required to register. McDonald's registration form and Zellar's testimony indicated that McDonald was not there by 4:35 p.m. Testimony also showed that Zellar anticipated having to arrest him because he was a no-show. Testimony by Oakes and Wagner indicated that he had arrived by 4:45 p.m. McDonald's only evidence about his arrival time was his testimony that he looked at his phone at 4:20 p.m. before he arrived. A rational juror could find beyond a reasonable doubt that McDonald failed to comply with the requirements of RCW 9A.44.130(6)(b) and thus knowingly violated RCW 9A.44.132(1).

McDonald suggests that State v. Drake[50] provides guidance about the knowledge element. There, the State accused the defendant of failing to register as a transient sex offender after he was evicted from his apartment. But in Drake, unlike here, the State failed to show that the accused had notice the eviction would occur and thus failed to show that Drake knew he was a transient

---

[50] 149 Wn. App. 88, 91, 94-95, 201 P.3d 1093 (2009).

sex offender required to follow a different set of procedures to register.[51] The only knowledge the State established was that Drake "probably knew he did not pay his rent."[52] Contrary to McDonald's assertion, Drake does not establish that the State had to prove McDonald knew he would be late. Rather, Drake requires that the State must prove a person's awareness that he is a transient in order to be convicted for failure to register in the manner specifically required for transients.

McDonald also contends that his prosecution was "contrary to the legislative intent of RCW 9A.44.130(6)(b)." But we do not review whether the State acted consistent with the legislative intent of a statute when we analyze whether or not a conviction was supported by sufficiency of the evidence.

The State presented sufficient evidence for a rational juror to find beyond a reasonable doubt that McDonald failed to register as a transient sex offender.

Prosecutorial Misconduct

McDonald contends that the State committed prosecutorial misconduct by misstating the law during its closing arguments. Specifically, he asserts that the State improperly described "knowingly" as requiring that a defendant "knew that he had to register as a sex offender" rather than as a defendant "knowingly failed to comply with a requirement of sex offender registration."

---

[51] Drake, 149 Wn. App. at 91, 94-95.
[52] Drake, 149 Wn. App. at 95.

This court reviews allegations of prosecutorial misconduct for abuse of discretion.[53] A prosecutor's misconduct may deny a defendant his constitutional right to a fair trial.[54] To establish prosecutorial misconduct, a defendant must first show that the prosecutor's comments were "improper."[55] A misstatement of law by the prosecutor is improper.[56]

RCW 9A.08.010(1)(b)(i) states, "A person . . . acts knowingly . . . when . . . he or she is aware of a fact, facts, or circumstances or result described by a statute defining an offense." Thus, to show that McDonald "knowingly" failed to register as a sex offender, the State needed to prove that he knew RCW 9A.44.130 applied to him, that he knew he needed to appear at the CCSO between 8:30 a.m. and 4:30 p.m. on Tuesday, June 6, 2017, and that he knew that if he failed to show up by 4:30 p.m., he would be arrested.

In closing, the State said, "[K]nowingly is that Mr. McDonald knew he had to show up June 6th. He knew he had to show up between 8:30 and 4:30. And he knew that if he didn't there would be consequences for it. That's knowingly for the purposes of this case." The defense objected because counsel was misstating the law. The trial court responded by instructing the jury that it "must

---

[53] State v. Thorgerson, 172 Wn.2d 438, 460, 258 P.3d 43 (2011).
[54] In re Pers. Restraint of Glasmann, 175 Wn.2d 696, 703-04, 286 P.3d 673 (2012).
[55] State v. Carver, 122 Wn. App. 300, 306, 93 P.3d 947 (2004).
[56] State v. Allen, 182 Wn.2d 364, 373-74, 341 P.3d 268 (2015) (citing State v. Warren, 165 Wn.2d 17, 28, 195 P.3d 940 (2008)).

disregard any remarks, statement or argument that is not supported by the law in my instructions. So, refer to your instructions in regard to what the law is." The State said, "So, for knowingly, that is supported by the fact that, well, he did show up, albeit late, so he did know that he had to be there. And based on the prior warnings that he was given back in September, he knew what the consequences were going to be." In his closing, McDonald's attorney said that the State was "trying to pull a bit of a fast one" and restated "knowingly" for the sake of the statute as the defendant putting himself into a position where he knew he could not comply with the registration requirement.

The State did not misstate the law. Its description of "knowingly" was consistent with what it needed to prove. McDonald asserts that the State's description turned the statute into one of strict liability and that the State conflated "knowingly" with the objective "should know." Because a strict liability statute has no mens rea element, McDonald's assertion makes no sense. Further, the State said, "Mr. McDonald knew he had to show up," not "Mr. McDonald should have known." The record does not support McDonald's contention that the State misstated the law as "should know."

McDonald has not shown that the State made improper statements in its closing argument. So his misconduct claim fails.

<u>Cumulative Error</u>

McDonald claims that cumulative error denied him a fair trial. Because McDonald does not establish any error, the cumulative error doctrine does not apply.

## CONCLUSION

We affirm. McDonald does not show that the court abused its discretion by admitting a copy of the judgment and sentence for his theft conviction or evidence of an earlier failure to register or by failing to grant a mistrial after testimony that the he was incarcerated sometime between May 2015 and May 2017. Sufficient evidence supports the jury verdict. McDonald fails to show prosecutorial misconduct. And, showing no error, he does not establish that cumulative error warrants a new trial.

_Leach, J._

WE CONCUR: